FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JUN 28 PM 1:18

U.S. DISTRICT COURT
N.D. OF ALABAMA

JACK WOOD, as Administrator of }
the Estate of Arnold V. Wood,   }
deceased,                       }
                                }
        Plaintiff,              }   CIVIL ACTION NO.
                                }
v.                              }   98-AR-1117-S
                                }
TANGO TRANSPORT, INC., et al,   }
                                }
        Defendants.             }

ENTERED
JUN 28 1999

## MEMORANDUM OPINION

Presently before the court is a motion for summary judgment filed by defendants, Tango Transport, Inc. ("Tango") and Donald Hogan ("Hogan"). Defendants seek judgment as a matter of law on all claims asserted against them by plaintiff, Jack Wood, as Administrator of the Estate of Arnold V. Wood ("Wood"), deceased. For the reasons hereinafter stated, the motion is due to be granted.

On March 10, 1997, Wood was killed in an automobile accident that involved the wrecker he was driving and an eighteen wheel tractor-trailer owned by Tango and driven by Hogan.[1] The accident occurred on northbound Interstate 65 near County Road 36 in Cullman County, Alabama.

Jack Wood filed a wrongful death action in state court on behalf of Wood's estate, alleging that Tango, Hogan, and certain other unidentified individuals and entities were responsible for the collision that resulted

---

[1] Hogan signed a contract with Tango indicating that he was an independent contractor. Because this case is due to be dismissed on other grounds, there is no need to determine whether Hogan's putative status as and independent contractor affects the extent of Tango's liability.

in Wood's death. Specifically, the complaint averred that Hogan, while acting within the line and scope of his authority as an employee and/or agent of Tango, negligently and/or wantonly operated the vehicle and caused the accident which was the proximate cause of Wood's injuries and death. The complaint further averred that Tango was negligent and/or wanton in the operation, hiring, training, and supervision of its agents and that such negligence and/or wantonness proximately caused the injuries and death of Wood. Lastly, the complaint asserted that various unidentified but described defendants proximately caused the injuries and death of Wood through their negligence and/or wantonness in the repair, service, and manufacture of the eighteen-wheeler and/or its component parts.

Tango removed the action to federal court and Hogan joined in the removal.[2] Federal jurisdiction is based on 28 U.S.C. § 1441, inasmuch as Tango is a Texas corporation having its principal place of business in Louisiana, Hogan is a Louisiana resident, and plaintiff, who is an Alabama resident, has not challenged defendants' assertion that the amount in controversy exceeds $75,000.

Cosme Batista, the only known, deposed eye-witness to the accident, was a passenger in a vehicle traveling southbound on I-65. Batista essentially witnessed the entire accident, including the events immediately preceding it, but could not see the vehicles' actual point of impact. Batista's deposition testimony is the only evidence offered by any party bearing on defendants' motion for summary judgment. Strangely,

---

[2] The unnamed defendants had not been served at the time of the removal, nor have they been served to date.

there is no reference to any deposition of Hogan.  Presumptively, he would testify consistent with his general denial.  The burden of proving otherwise is on plaintiff for the purposes of circumventing the testimony of Batista.

Batista testified that Wood's wrecker was sitting on the shoulder of the road, just off of the right hand lane.  Hogan's eighteen-wheeler was traveling along, within the speed limits, in the left hand lane closest to the grassy median.  Batista watched as Wood pulled out from the shoulder, drove across the right hand lane, and proceeded into the left hand lane as if he was going to cross the entire highway and get to the grassy median.  According to Batista, Wood drove directly into Hogan's path of travel.  Batista testified that Hogan tried to avoid the oncoming wrecker by veering to the left, towards the grassy median.  Batista also observed smoke emanating from Hogan's wheels as he slammed on his brakes.  The application of Hogan's brakes left skid marks on the pavement.  Hogan was unable to avoid Wood's wrecker as it moved from the shoulder, to the right lane, and into his lane of travel.  Batista testified that the vehicles collided with the right side of the eighteen-wheeler contacting the left side of the wrecker.  Batista's vision of the actual point of impact was obscured by the eighteen-wheeler itself.

The driver of Batista's vehicle immediately pulled over to the side and stopped.  Both the driver and Batista ran over to the wrecker.  Batista's testimony suggests that Wood may have gone through the wrecker's windshield.  When Batista saw Wood, Wood had slid over to the passenger side of the wrecker.  Wood was not wearing a seatbelt.  Wood's pulse was checked by another motorist who had stopped to provide

3

assistance, but Wood was already dead.

Batista's deposition testimony, the only evidence presented by any party, makes clear that Tango and Hogan are entitled to judgment as a matter of law. Plaintiff has presented absolutely no evidence to support his claims that these defendants acted wantonly or negligently in any way. At the very least, Wood was contributorily negligent. Contributory negligence bars plaintiff's claims. Plaintiff's attempts to impune the credibility of Batista's account of the accident are simply insufficient to create a genuine issue of material fact. The evidence is clear. Defendants' motion is due to be granted.

An appropriate order granting the motion and dismissing the action will be entered separately.

Done this 28th day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE